UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: }
}
STEPHEN L. RUSSELL, } CASE N0. 17-04803-DSC
} CHAPTER 7 CASE
DEBTOR(S). }

## Objection to Payment of Any Funds to the Debtor

Comes now the Trustee, Andre' M. Toffel (Trustee) and objects to the payment to or receipt by the Debtor of any funds, as follows:

1. This case was closed last year.

2. The Court, the Trustee & the creditors spent much time on this case unnecessarily, as a result of actions or inactions by the Debtor.

3. The Court entered its Order on January 9, 2019, attached, regarding several matters. Specifically, page 4 of that Order directs the Debtor as follows:

   "The Defendant shall remit, not from property of the estate, payment of said amount ($25,160.00) to the clerk of the Court on or before April 10, 2019. Upon the receipt of funds, the clerk of Court is directed to pay the amount to André M. Toffel, P.C.

4. As has been stated before, the Debtor paid nothing, completely disobeying the Court's Order.

5. If the $4,973.90 belongs to the Debtor, then it should be used to partially satisfy the debt owed to André M. Toffel, P.C. If it is not his money, then it should be retained by the clerk.

6. It is obvious that the Debtor is playing the Court, the Trustee and his creditors. See Bankruptcy Rule 4003 (b) (2). He waited more than a year to claim the funds in an attempt to avoid the reach of the Rule. Nevertheless the Trustee objects to that claimed exemption based on the spirit of Rule 4003 (b) (2).

7. It would be wholly inequitable to allow the Debtor to act as he has done in this case, disobeying the attached Order, and other Orders of the Court, and sit there in the very same residence where he has been all along, avoiding those Orders, and allow him to profit from those actions.

8. The Bankruptcy Code gives the Court broad powers of equity and fairness, along with specific powers. 11 U.S.C. Section 105 (a) gives the Court the authority it needs to deny the Debtor's application for the $4,973.90, or Order that he may constructively receive the money and allow the Clerk to pay it to André M. Toffel, P.C., pursuant to the language of the Court's January 9, 2019 Order.

Respectfully Submitted,

*André M. Toffel* (signature)

André M. Toffel, Attorney for Trustee

Of Counsel:
André M. Toffel, PC
450A Century Park South—Suite 206A
Birmingham, AL 35226
(205) 252-7115
atoffel@toffelpc.com

Case 17-04803-DSC7    Doc 313    Filed 10/05/21    Entered 10/05/21 11:14:30    Desc Main
Document    Page 2 of 7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Motion has been served upon all parties requesting notice through the CMECF system, and the parties listed below by regular mail, this the 5th day of October, 2021.

Steven L. Russell
2042 Blue Heron Circle
Birmingham, AL 35242

/s/ Andre M. Toffel
Of Counsel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | Case No. 17-04803-DSC |
| Steven L. Russell, | ) | |
|     Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| Andre M. Toffel, | ) | |
|     Plaintiff, | ) | A.P. No. 18-00215-DSC |
| v. | ) | |
| | ) | |
| Steven L. Russell, | ) | |
|     Defendant. | ) | |

## **ORDER**

This matter came before the Court on November 29, 2018, on the Trustee's Complaint Objecting to Discharge (AP Doc. No. 1)[1] and the Trustee's Second Amended Motion for Contempt (Doc. No. 228). Appearing in court on November 29, 2018, were Plaintiff, Andre Toffel (the "Trustee"); Mr. Toffel also appeared as the Trustee's attorney; the Defendant and Debtor, Steven L. Russell (the "Defendant"); and fact witnesses Clydette Hughes and Jan Craft. The Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 1334 and 157(a), and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] The Court will refer to the documents in the main bankruptcy case by docket numbers only. When referring to documents in the adversary proceeding, the Court will precede the docket number with "AP."

The Court stated its findings of fact and conclusions of law on the record in the above-styled case on January 9, 2019, pursuant to Federal Rule of Bankruptcy Procedure 7052. Consistent with those findings and conclusions, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Trustee has met his burden, by a preponderance of the evidence, to establish that relief is appropriate under two counts of his complaint:

(a) Under Count IV of the complaint, relief is appropriate because the Defendant knowingly and fraudulently withheld from the Trustee recorded information, including books, documents, records, and papers relating to the defendant's property or financial affairs.

(b) Under Count VI of the complaint, relief is appropriate because the Defendant refused to obey a lawful order of this Court, namely this Court's Order of May 11, 2018 (Doc. No. 160) regarding the production of documents.

(c) Therefore, the Defendant's discharge shall be **DENIED** under 11 U.S.C. § 727(a)(4)(D) and (a)(6)(A), *subject to* the following opportunity for the Defendant to cure his noncompliance and to receive his chapter 7 discharge:

   i. The Defendant **SHALL** comply with the requests for production contained in the Trustee's Motion for Rule 2004 Examination filed on February 28, 2018 (Doc. No. 88), and within 30 days from the date of this Order, produce the requested information, including books, documents, records, and papers relating to the Defendant's property or financial affairs. These documents are necessary for the Trustee to determine if there are assets available for distribution to creditors in this chapter 7 case. If the Defendant fails to comply and avail himself of this final opportunity, the denial of his chapter 7 discharge shall be a final ruling, and it shall remain effective as to the Defendant.

ii. The standard for ascertaining the Defendant's compliance is whether a reasonable person would determine that the Defendant has: (a) responded in a meaningful manner and as required under Federal Rules of Civil Procedure 26 and 34, and (b) provided a reasonable written explanation, for any requested document that was not produced, as to why each document is not in the possession or control of the Defendant *and* is not otherwise available for production.

iii. If the Defendant fully complies with the requirements of this Order, upon written notice from the Trustee within 45 days of the date of this Order, the relief requested in the Trustee's complaint shall be **DENIED,** this adversary proceeding **DISMISSED**, and the Defendant's chapter 7 case shall proceed in the ordinary course.

iv. If the Defendant does not fully comply with the requirements of this Order, upon written notice from the Trustee within 45 days of the date of this Order, the relief requested in the Trustee's complaint shall be **GRANTED,** the Defendant's chapter 7 discharge shall be **DENIED,** and this Court will enter judgment in favor of the Trustee under Counts IV and VI of his complaint in this adversary proceeding.

v. In the event the Trustee files no written notice within the prescribed time, the Trustee's complaint shall be **DENIED,** this adversary proceeding **DISMISSED** with prejudice, and the Defendant's chapter 7 case shall proceed in the ordinary course.

vi. Any other relief requested in the Trustee's complaint that has not been specifically addressed herein is **DENIED**.

(2) The Court **GRANTS** the Trustee's Second Amended Motion for Contempt (Doc. No. 228) under 11 U.S.C. § 105, Fed. R. Bankr. P. 7037(b)(2)(C), and Bankruptcy Rule 9020, and holds the Defendant in civil contempt of the Order entered May 11, 2018 (Doc. No. 160) for failure to comply with discovery and failure to produce the requested documents. The Court determines the reasonable amount of attorney's fees for the Trustee's attorney to be $25,160, and the Court awards the payment of said amount to Andre M. Toffel, P.C., as attorney for the Trustee, to compensate the Trustee for losses sustained. The Defendant shall remit, *not* from property of the estate, payment of said amount to the Clerk of Court on or before April 10, 2019. Upon the receipt of funds, the Clerk of Court is directed to pay the amount to Andre M. Toffel, P.C. Any other relief requested in the Trustee's Second Amended Motion for Contempt that has not been specifically addressed herein is **DENIED.**

Dated: January 9, 2019    /s/ D. Sims Crawford
　　　　　　　　　　　　　　D. SIMS CRAWFORD
　　　　　　　　　　　　　　United States Bankruptcy Judge